1  DANIELLE K. HERRING, Bar No. 24041281
   (admitted *pro hac vice*)
2  dherring@littler.com
   LITTLER MENDELSON, P.C.
3  1301 McKinney Street
   Suite 1900
4  Houston, Texas 77010
   Telephone: 713.951.9400
5  Facsimile: 713.951.9212

6

   COOPER J. SPINELLI, Bar No. 299299
7  cspinelli@littler.com
   LITTLER MENDELSON, P.C.
8  50 W. San Fernando, 15th Floor
   San Jose, California 95113.2303
9  Telephone: 408.408.7114
   Facsimile: 408.288.5686

10
   Attorneys for Defendants
11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                    SAN JOSE DIVISION

15

16  JONATHAN DAVIDSON,                **CASE NO. 5:16-cv-01928-EJD**

17            Plaintiff,

18       v.                           **DEFENDANTS' MOTION TO DISMISS COUNTS VI, VII, VIII, IX, AND X OF PLAINTIFF'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

19  HEWLETT-PACKARD COMPANY,
    HEWLETT-PACKARD ENTERPRISE
20  COMPANY, UNITED HEATLHCARE,       Date:    January 12, 2017
    UNITED HEALTHCARE SERVICES,       Time:    9:00 a.m.
21  INC., UNITED HEALTH GROUP         Courtroom: 4
    INCORPORATED, DR. ANGELIQUE       Before:  The Honorable Edward J. Davila
22  GREEN, DR. PETER STANGEL, AND
    DR. EDWARD GREENBERG AND
23  DOES 1 THROUGH 50 INCLUSIVE,

24            Defendants.

LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400

5:16-cv-01928-EJD

DEFENDANTS' MOTION TO DISMISS

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF JONATHAN DAVIDSON, in *pro per*:**

Please take notice that on January 12, 2017 at 9:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 4 (Fifth Floor) of the United States District Courthouse located at 280 South 1st Street, San Jose, California 95113, Defendants Hewlett-Packard Company, Hewlett-Packard Enterprise Company, UnitedHealthcare, United Healthcare Services, Inc., UnitedHealth Group Incorporated, Dr. Angelique Green, Dr. Peter Stangel, and Dr. Edward Greenberg, will move and hereby do move this Court for dismissal of the individual defendants and of causes of action including Counts VI, VII, VIII, IX, and X, as follows:

Defendants request an Order dismissing individual defendants Dr. Angelique Green, Dr. Peter Stangel, Dr. Edward Greenberg, and DOES 1 through 50, and dismissing all state and tort claims (Counts VI, VII, VIII, IX and X), and awarding such other relief to Defendants as the Court deems just and appropriate. Defendants' motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's Amended Complaint[1] fails to state facts sufficient to establish a viable claim upon which any relief can be granted.

Defendants' motion is based upon this notice of motion, motion, the accompanying memorandum of points and authorities, any oral argument as may be presented at the hearing, on all other papers, records, and pleadings on file in this action, and on such additional evidence and argument as the Court may allow prior to and during the hearing on this motion.

---

[1] Plaintiff's Amended Complaint (ECF No. 39) is not labeled as such. However, Plaintiff previously filed a Complaint. (ECF No. 1.)

LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400

2.      5:16-cv-01928-EJD

DEFENDANTS' MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF REQUESTED RELIEF

Defendants request that the Court grant the motion to dismiss, in part, pursuant to Rule 12(b)(6). Specifically, Defendants request (1) that the individual defendants Dr. Angelique Green, Dr. Peter Stangel, Dr. Edward Greenberg and DOES 1 through 50 be dismissed; and (2) that Plaintiff's state and tort claims be dismissed.

## II. STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(a)(3)]

The following issues are raised by this motion: (1) whether individual defendants Dr. Angelique Green, Dr. Peter Stangel, Dr. Edward Greenberg, and DOES 1 through 50 should be dismissed pursuant to Rule 12(b)(6) because the Employee Retirement Income Security Act of 1974 ("ERISA"), 18 U.S.C. §§ 1001-1461, authorizes causes of action only against individual defendants acting as fiduciaries, and doctors acting as treating and/or consulting physicians are not engaging in "fiduciary acts"; and (2) whether Counts VI, VII, VIII, IX and X of Plaintiff's Amended Complaint should be dismissed because they are preempted by section 514(a) of ERISA, 29 U.S.C. § 1144(a).

## III. INTRODUCTION/STATEMENT OF RELEVANT FACTS

Pursuant to his wife Corinna Davidson's employment at Hewlett-Packard, Plaintiff Jonathan Davidson ("Plaintiff") is a covered dependent under the medical benefit program offered through the Hewlett-Packard Company Comprehensive Welfare Benefits Plan (the "Plan"). The Plan is an employee welfare benefit plan subject to ERISA, 29 U.S.C. § 1132. UnitedHealthcare (a subsidiary of UnitedHealth Group Incorporated) is the delegated claims administrator for the Plan. Plaintiff was diagnosed with amyotrophic lateral sclerosis (ALS) in 2009, and has sought medical benefits pursuant to the Plan (*see* Am. Compl., ¶¶ 1–5). Plaintiff has and continues to receive medical benefits and has suffered no damages, but his Amended Complaint attempts to expand the scope of this ERISA action by alleging causes of action against the individual defendants and by alleging preempted state law tort claims.

Section 1132 allows a civil action to be brought "by a participant or beneficiary" regarding (1) a failure or refusal to provide requested information that a plan administrator is required to furnish (*see* 29 U.S.C. § 1132(a)(1)(A), 29 U.S.C. § 1132(c)); or (2) "to recover benefits

LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400

due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Drs. Green, Stangel, and Greenberg were not acting as fiduciaries when they performed their services as consulting physicians in connection with Plaintiff's requests for benefits. Therefore, they cannot be personally liable for any of Plaintiff's causes of action. Because Plaintiff has no viable claim against the individual defendants in this matter, they must be dismissed pursuant to Rule 12(b)(6). Additionally, in his Amended Complaint, Plaintiff includes the tort claims of "intentional infliction of emotional distress," "fraud and misrepresentation," "invasion and violation of privacy," "negligence," and "bad faith." (*See* Am. Compl., Counts VI, VII, VIII, IX and X). As referenced above, the Plan is an employee welfare benefit plan under ERISA, 29 U.S.C. §1002(1). Because Plaintiff's claims "relate to" Defendant Hewlett-Packard's ERISA benefit plan, these state law claims are preempted by ERISA and must be dismissed. *Gibson v. Prudential Ins. Co. of Am.*, 915 F.2d 414, 416-17 (9th Cir. 1990).

## IV. ARGUMENT

Rule 12(b)(6) permits dismissal of complaints for "failure to state a claim **upon which relief can be granted**." Fed. R. Civ. P. 12(b)(6) (emphasis added). To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (overruled in part on other grounds); *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). While the court must assume the complaint's factual allegations are true, "legal conclusions need not be taken as true merely because they are cast in the form of factual allegations." *Silvas v. E*Trade Mortg. Corp.*, 421 F. Supp. 2d 1315, 1317 (S.D. Cal. 2006). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400

4. 5:16-cv-01928-EJD

DEFENDANTS' MOTION TO DISMISS

Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (overruled in part on other grounds).

### A. Drs. Green, Stangel, Greenberg, and DOES 1 through 50 Are Not Fiduciaries Under ERISA, Are Not Proper Defendants, And Must Be Dismissed.

Drs. Green, Stangel, Greenberg, and DOES 1 through 50 are not proper defendants in this action and must be dismissed. Under ERISA, individuals can only be personally liable if they are fiduciaries of the employer at issue. *See Yeseta v. Baima*, 837 F.2d 380, 381–82 (9th Cir. 1988). ERISA has been interpreted as requiring "a broad definition of fiduciary." *See San Mateo Elec. Workers Health Care Tr. v. Birkeland*, No. C 14-0142, 2014 WL 4182399, at *3–4 (N.D. Cal. Aug. 15, 2014) (*citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989) ("one is a fiduciary to the extent he exercises any discretionary authority or control.") and *Acosta v. Pac. Enters.*, 950 F.2d 611, 618 (9th Cir. 1992) ("a person's actions, not the official designation of his role, determine whether he enjoys fiduciary status")). However, these doctors and unknown individuals are not fiduciaries under the Plan and their decisions are not fiduciary acts under ERISA. *See Walker v. Metro. Life Ins. Co.*, No. CV 09-1178, 2010 WL 1946898, at *13 (C.D. Cal. May 12, 2010). In *Walker*, the plaintiff worked for Kaiser Permanente as a lead project manager in the information technology department and brought an action against Metropolitan Life Insurance Company following the denial of his long term disability claims. Plaintiff alleged that the actions of the treating and consulting physicians involved in his denied claim for long term disability benefits were of fiduciary significance under ERISA. The court rejected this assertion:

> Kaiser delegated its fiduciary and administrative responsibilities to MetLife with regard to the administration of the LTD Plan. Therefore, MetLife—and not Kaiser — was the named fiduciary of the LTD Plan according to §§ 4.1 and 5.2 of the Plan Document. Even if Kaiser was the administrator of the LTD Plan and retained its fiduciary status with respect to claim determinations under the LTD Plan, the decisions of its physicians would not be considered fiduciary acts under ERISA. *See Pegram v. Herdrich,* 530 U.S. 211, 231 (2000) ("[W]e think Congress did not intend [for an HMO] to be treated as a fiduciary to the extent that it makes mixed eligibility decisions acting through its physicians."). In their role as treating physicians, their "mixed eligibility decisions"—i.e. treatment decisions that have coverage consequences—would not be "fiduciary acts" under ERISA, which requires that a fiduciary act as a manager, administrator, or financial advisor of an ERISA plan. *See id.* at 222 (citing *29 U.S.C. §§ 1002(21)(A)(i)-(iii)*).

Here, as in *Walker*, Drs. Green, Stangel, Greenberg's decisions as physicians as well as DOES 1 through 50's decisions were not "fiduciary acts" and they cannot be personally liable for alleged violations of ERISA. Therefore, the individual defendants must be dismissed from this action.

**B. Plaintiff's State Law And Tort Claims Are Preempted By ERISA And Must Be Dismissed.**

Dismissal of a state-law cause of action under Rule 12(b)(6) is warranted if it is preempted by federal law. *Johnson v. Dist. 2 Marine Eng'rs Beneficial Ass'n*, 857 F.2d 514, 517–18 (9th Cir. 1988) (affirming dismissal with prejudice of all state-law claims relating to denial of employment benefits, including intentional infliction of emotional distress, based on preemption by ERISA); *Olson v. Gen. Dynamics Corp.*, 951 F.2d 1123, republished with concurring opinion, 960 F.2d 1418 (9th Cir. 1991), *cert. denied,* 112 S. Ct. 2968 (1992). A plaintiff is preempted from bringing state-law claims which "relate to" an ERISA-regulated benefit plan. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 321 F.3d 933, 937 (9th Cir. 2003). "<u>If a claim alleges a denial of benefits, ERISA preempts it.</u>" *Smith v. Sw. Bell Tel. Co.*, No. C 02-4971, 2003 WL 132533, at *2 (N.D. Cal. Jan. 13, 2003) (emphasis added). The Supreme Court in *D.C. v. Greater Wash. Bd. of Trade*, explained as follows:

> We have repeatedly stated that a law 'relates to' a covered employee benefit plan for purposes of section 514(a) 'if it has a connection with or reference to such a plan.' . . . This reading is true to the ordinary meaning of 'relate to' . . . and thus gives effect to the 'deliberately expansive' language chosen by Congress. . . . Under section 514(a), ERISA pre-empts any state law that refers to or has a connection with covered benefit plans . . .'even if the law is not specifically designed to affect such plans, or the effect is only indirect.' . . . and even if the law is consistent with ERISA's substantive requirements.

506 U.S. 125, 129–30 (1992) (all internal citations and footnote omitted); *accord*, *Joanou v. Coca-Cola Co.*, 26 F.3d 96, 99 (9th Cir. 1994); *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 817 (9th Cir. 1992).

A plaintiff does not have to make a reference to "ERISA" for a claim to be preempted. *See Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1130 (9th Cir. 1992). State law fraud and tort claims are preempted when they relate to a plaintiff's ERISA plan and fall within

LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400

6. 5:16-cv-01928-EJD

DEFENDANTS' MOTION TO DISMISS

ERISA's exclusive remedial scheme. *See, e.g., Kilar v. Blue Cross Blue Shield Ass'n*, 195 Fed. App'x. 547, 549 (9th Cir. 2006). *See also Aetna Health, Inc. v. Davila,* 542 U.S. 200, 214–15 (2004) (holding that state claims are preempted even if they are: (1) tort claims, (2) based on an external state statutory duty; and (3) non-duplicative of ERISA remedies); *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 983 (9th Cir. 2001) (a plaintiff cannot obtain relief by "dressing up an ERISA benefits claim in the garb of a state law tort"); *Joanou*, 26 F.3d at 99 (holding that "[c]laims relating to employee benefit plan, whether founded on an alleged contract or based on tort theories are preempted by ERISA") (internal citations removed); and *Gibson*, 915 F.2d at 416 ("The ERISA preemptive provision is to be broadly construed and extends to common law tort and contract actions.").

The Plan is an employee welfare benefit plan under ERISA, and Plaintiff admits that the Court has jurisdiction subject to ERISA. (Am. Compl., ¶ 14.) ERISA Section 3(1) defines an employee welfare benefit plan as: (1) any plan, fund or program; (2) established or maintained by an employer; (3) through the purchase of insurance or otherwise; (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death or unemployment benefits; (5) to its participants or beneficiaries. 29 U.S.C. § 1002(1). Group health and pension plans presumptively qualify as ERISA plans. *Qualls v. Blue Cross of Cal.*, 22 F.3d 839, 842–44 (9th Cir. 1994).

In his Amended Complaint, Plaintiff includes a general allegations section entitled "CLAIMS," which outlines the events regarding Plaintiff's medical condition, Plaintiff's requests for benefits pursuant to the Plan, the course of action regarding denials and grants of benefits, and Plaintiff's administrative appeal process (*see* Am. Compl., ¶¶ 18–46). In addition to alleging violations of ERISA, Plaintiff alleges "intentional infliction of emotional distress" (Count VI), stating that: "As a direct and proximate result of the extreme and outrageous acts and omissions of Defendants, Plaintiff has suffered severe mental and emotional distress, including panic attacks, anxiety and depression." (Am. Compl., ¶ 79.) Count VI must be dismissed because it relates to Plaintiff's allegations regarding the Plan Administrator's decisions pursuant to the Plan and is, therefore, preempted by ERISA. *See Smith*, 2003 WL 132533, at *2. Additionally, Plaintiff alleges

LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400

7.    5:16-cv-01928-EJD

DEFENDANTS' MOTION TO DISMISS

"fraud and misrepresentation" (Count VII), stating that "Defendants made representations to Plaintiff and his care providers that Defendants knew to be false, or that Defendants had no reasonable ground to believe when they made the representations" and "Defendants intended that Plaintiff and his care providers would rely on the Defendants' representations, and Plaintiff and his care providers did so reasonably rely on the misrepresentations." (Am. Compl., ¶¶ 84, 86.) Count VII must be dismissed because it relates to Plaintiff's allegations regarding the Plan Administrator's decisions pursuant to the Plan and is, therefore, preempted by ERISA. *See Smith*, 2003 WL 132533, at *2. Additionally, Plaintiff alleges "invasion and violation of privacy" (Count VIII), stating that "Defendants have intruded on the privacy and obtained private information concerning him" and "Defendants have communicated, disseminated and publicly distributed private information and records of Plaintiff to others that are not entitled or permitted to receive such information and records." (Am. Compl. ¶¶ 91-92.) Count VIII must be dismissed because it relates to Plaintiff's allegations regarding the Plan Administrator's actions pursuant to the Plan and is, therefore, preempted by ERISA. *See Smith*, 2003 WL 132533, at *2. Additionally, Plaintiff alleges "negligence" (Count IX), stating "Defendants owed Plaintiff a duty of care in regard to his emotional and mental distress, private information and medical condition and treatment" and that "Defendants have violated and failed to perform their duties of care in regard to Plaintiff." (Am. Compl., ¶¶ 99-100.) Count IX must be dismissed because it relates to Plaintiff's allegations regarding the Plan Administrator's actions pursuant to the Plan and is, therefore, preempted by ERISA. *See Smith*, 2003 WL 132533, at *2. And finally, Plaintiff alleges "bad faith" (Count X), stating that "Defendants have acted in bad faith in their determinations, actions and omissions in regard to Plaintiff." (Am. Compl., ¶ 104.) Count X squarely relates to (and explicitly references) the Plan and falls within ERISA's exclusive remedial scheme, and is, therefore, preempted. *See Smith*, 2003 WL 132533, at *2.

Moreover, the Supreme Court and Ninth Circuit have routinely held that state law claims related to ERISA plans, including the very claims alleged by Plaintiff here, are preempted by ERISA. *See Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 897–98 (9th Cir. 1990) (breach of express and implied covenants of good faith and fair dealing in providing benefits preempted by

LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX 77010
713.951.9400

DEFENDANTS' MOTION TO DISMISS

ERISA); *Gibson*, 915 F.2d at 516-18 (same); and *Johnson*, 857 F.2d at 517–18 (state law tort claims, including infliction of emotional distress, are preempted by ERISA).

In order to determine the merits of Plaintiff's claim that Defendants acted improperly regarding their "determinations, actions, and omissions in regard to Plaintiff", the Court would have to determine how the Plan was administered, how it functioned, the benefits provided thereunder and their relative costs. Plaintiff's allegations conclusively establish that his claims are "premised on" and "relate to" ERISA-based plans, and the benefits available under them. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990). Counts VI, VII, VIII, IX, and X of Plaintiff's Amended Complaint are, therefore, preempted by ERISA and must be dismissed.

## V. CONCLUSION

For the above stated reasons, Defendants respectfully request the Court grant their motion and (1) dismiss individual defendants Dr. Angelique Green, Dr. Peter Stangel, Dr. Edward Greenberg, and DOES 1 through 50; and (2) dismiss all state and tort claims (Counts VI, VII, VIII, IX, and X); and award Defendants such other relief as the Court deems just and appropriate.

Dated: September 12, 2016

*/s/ Cooper J. Spinelli*
DANIELLE K. HERRING
COOPER J. SPINELLI
LITTLER MENDELSON, P.C.
Attorneys for Defendants

Firmwide:142559926.1 066902.1106