UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN DAVIDSON,<br><br>       Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>       Defendants. | Case No.  5:16-cv-01928-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS VI, VII, VIII, IX, AND X OF PLAINTIFF'S AMENDED COMPLAINT**<br><br>Re: Dkt. No. 42 |

Pro se Plaintiff Jonathan Davidson bring claims arising from Defendants' decision to end his medical care at a rehabilitation center and transfer him to custodial care at home. Defendants move under Rule 12(b)(6) to dismiss (1) three doctors who are named as individual defendants (and Does 1–50) and (2) Davidson's state-law claims. Defendants' motion will be GRANTED with leave to amend.

**I. BACKGROUND**

Davidson suffers from amyotrophic lateral sclerosis, commonly known as ALS or Lou Gehrig's disease. Amended Compl. ("Compl.") ¶ 1, Dkt. No. 39. He is physically disabled and needs continuous medical care, including feeding and breathing tubes. Id. He receives care through a medical plan administered by defendants Hewlett-Packard and UnitedHealthcare. Id. ¶ 3; Defendants' Motion to Dismiss ("MTD") at 3, Dkt. No. 42.

Davidson currently receives "skilled care" at a rehabilitation facility. Compl. ¶ 18. In February 2015, one of Davidson's doctors decided that he no longer needed skilled care at the

1

Case No.: 5:16-cv-01928-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS VI, VII, VIII, IX, AND X OF PLAINTIFF'S AMENDED COMPLAINT

facility and should instead receive "custodial care" at home. Id. ¶¶ 18, 26. Skilled care is covered by the UnitedHealthcare plan; custodial care is not. Id. ¶¶ 4, 23. Davidson unsuccessfully challenged this decision in a series of administrative appeals. Id. ¶¶ 18–36.[1] He brought this action to reverse UnitedHealthcare's decision and recover damages.

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Claims can be dismissed for either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. Bell Atl. v. Twombly, 550 U.S. 554, 570 (2007). Pro se pleadings should be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

## III. DISCUSSION

Defendants seek to dismiss two parts of Davidson's case. First, they seek to dismiss claims against three individual doctors because ERISA[2] authorizes actions against individuals only if they act as fiduciaries, and doctors providing treatment do not act as fiduciaries. Second, they argue that ERISA preempts Davidson's state-law claims.

### A. Claims against Individual Defendants

Davidson names Drs. Angelique Green, Peter Stangel, and Edward Greenberg as individual defendants (as well as Does 1–50). Compl. ¶ 12. According to Davidson, Dr. Green decided to move Davidson from skilled care to custodial care. Id. ¶ 18. Dr. Stangel affirmed that decision after Davidson's administrative appeal. Id. ¶ 19. The complaint does not explain Dr. Greenberg's involvement but notes that he "works with or for" UnitedHealthcare. Id. ¶ 12. Does 1–50 have "served as administrators, physicians, agents, principals, employees or independent

---

[1] However, despite its decision, UnitedHealthcare has allowed Davidson to remain in skilled care on a "week-by-week" basis. Id. ¶ 37.
[2] The Employee Retirement Income Security Act of 1974, codified at 29 U.S.C. ch. 18.

contractors" in relation to Davidson's care. Id. ¶ 3.

Defendants argue that the three doctors and Does 1–50 should be dismissed because they are not fiduciaries under ERISA. MTD at 5–6.

Under ERISA, a fiduciary is "someone acting in the capacity of a manager, administrator, or financial advisor" to a plan. Pegram v. Herdrich, 530 U.S. 211, 222 (2000); 29 U.S.C. § 1002(21)(A). "[O]ne is a fiduciary to the extent he exercises any discretionary authority or control." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 113 (1989). However, treatment decisions by physicians are not fiduciary acts—even if those decisions affect whether the plan will cover the patient's care. Walker v. Metro. Life Ins. Co., No. CV 09-1178 PSG (AGRx), 2010 WL 1946898, at *13 n.5 (C.D. Cal. May 12, 2010) ("In their role as treating physicians, their 'mixed eligibility decisions'—i.e. treatment decisions that have coverage consequences—would not be 'fiduciary acts' under ERISA, which requires that a fiduciary act as a manager, administrator, or financial advisor of an ERISA plan."); Pegram, 530 U.S. at 212–13, 237 ("Congress did not intend an HMO to be treated as a fiduciary to the extent that it makes mixed eligibility decisions acting through its physicians. . . . We hold that mixed eligibility decisions by HMO physicians are not fiduciary decisions under ERISA.").

Davidson offers two theories in response: first, even if the doctors and Does are not fiduciaries, they are properly named as individual defendants because they "knowingly participate[d] in wrongful transactions"; and second, whether they are fiduciaries is a factual question that should not be resolved on a motion to dismiss. Plaintiff's Opposition to Motion to Dismiss ("Opp.") at 8–9, Dkt. No. 69.

In support of his first theory—that the individual defendants knowingly participated in wrongful transactions—Davidson relies on a U.S. Supreme Court decision that authorized civil actions against a nonfiduciary "party in interest" to a transaction barred by ERISA § 406(a). Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238 (2000); Opp. at 9. § 406(a) prohibits certain transactions deemed "likely to injure" the plan—for instance, it prevents the plan's fiduciaries from making deals that favor an outside "party in interest" at the expense of the plan's beneficiaries. Harris Trust, 530 U.S. at 242–43; 29 U.S.C. § 1106(a)(1)(A). Harris Trust

3

1  held that ERISA § 502(a)(3) allows plan beneficiaries (and others) to bring civil actions against
2  nonfiduciary parties for participating in those prohibited transactions. Harris Trust, 530 U.S. at
3  241. Here, Davidson has not alleged that the three doctors or Does 1–50 engaged in transactions
4  barred under § 406(a). As such, Harris Trust offers no basis for naming them as individual
5  defendants.

6  Davidson also cites, without discussion, Solis v. Couturier, No. 08-CV-02732-RRB-GGH,
7  2009 WL 1748724 (E.D. Cal. June 19, 2009) and Spinedex Physical Therapy USA Inc. v. United
8  Healthcare of Ariz., Inc., 661 F. Supp. 2d 1076 (D. Ariz. 2009). Neither case supports Davidson's
9  position. Solis involved claims by the U.S. Secretary of Labor under ERISA § 502 against the
10 defendants for having "knowingly participated" in fiduciary breaches. 2009 WL 1748724 at *2–6.
11 Spinedex involved claims against corporate defendants that controlled the plans at issue, and
12 whose status as fiduciaries was not in question. 661 F. Supp. 2d at 1087 ("The Complaint lays out
13 facts in sufficient detail to establish the United Defendants' status as fiduciaries and administrators
14 of the Plans . . . ."). No such claims are at issue here.

15 Davidson's second theory—that the individual defendants' fiduciary status is a factual
16 question that should not be resolved on a motion to dismiss—fails because he has not pled facts
17 sufficient to state a claim for relief. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff
18 must allege "sufficient facts . . . under a cognizable legal theory." Balistreri, 901 F.2d at 699.
19 Davidson has not pled facts showing that any of the individual defendants were "acting in the
20 capacity of a manager, administrator, or financial advisor" to a plan under ERISA. Pegram, 530
21 U.S. at 222.

22 The Court finds that claims against Drs. Green, Stangel, and Greenberg and Does 1–50
23 must be dismissed because they are not fiduciaries under ERISA and Davidson has not provided
24 alternative grounds for naming them as individual defendants.

25 **B. Claims under State Law**

26 Davidson brings five claims under state law.[3] Defendants argue that all of Davidson's

---

[3] Intentional infliction of emotional distress (Count VI, Compl. ¶¶ 74–82), fraud and misrepresentation (Count VII, Compl. ¶¶ 83–89), invasion and violation of privacy (Count VIII,

4

state-law claims are preempted. MTD at 6–9.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a); Bui v. Am. Tel. & Tel. Co. Inc., 310 F.3d 1143, 1147 (9th Cir. 2002). The ERISA preemption clause covers state-law tort and contract claims for improper processing of a claim for benefits. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987); see also Johnson v. Dist. 2 Marine Eng'rs Beneficial Ass'n—Associated Mar. Officers, Med. Plan, 857 F.2d 514, 517 (9th Cir. 1988) ("Causes of action for fraud and emotional distress are clearly state common-law claims for enforcement of plan benefits, matters regulated by ERISA."); Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004) (holding that because ERISA contains its own enforcement mechanism, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

Davidson argues that his claims arise from two distinct sets of facts: first, from Defendants' decision to replace skilled care at a facility with custodial care at home; and second, from Defendants' improper conduct after they reached that decision—including "manipulat[ing]" invoices and other documents, sending "misleading correspondence" to Davidson and his wife, improperly accessing Davidson's medical records, and intruding into Davidson's "computing and online devices." Opp. at 2; Compl. ¶¶ 18, 38–42.

Davidson's state-law claims arising from the first set of facts—the decision to end his skilled care—are preempted because they relate to a medical decision under the healthcare plan. See, e.g., Pilot Life, 481 U.S. at 47–48 (holding that state-law claims are preempted if they "relate to" improper processing of a claim for benefits); Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131–32 (9th Cir. 1993) (holding that ERISA preempted a wrongful death claim based on a health plan administrator's allegedly negligent decision to deny eligibility for a bone marrow transplant); Bast v. Prudential Ins. Co. of Am., 150 F.3d 1003, 1007–08 (9th Cir. 1998) (also holding that ERISA preempted state-law claims related to denial of a bone marrow transplant); Kanne v. Connecticut

---

Compl. ¶¶ 90–97), negligence (Count IX, Compl. ¶¶ 98–102), and bad faith (Count X, Compl. ¶¶ 103–06).

Gen. Life Ins. Co., 867 F.2d 489 (9th Cir. 1988) (holding that state-law claims arising from delayed insurance payments "are claims for improper processing and therefore are preempted").

Davidson's claims arising from the second set of facts—manipulated invoices, misleading correspondence, privacy violations—are also preempted. Although these events are separate from the decision to move Davidson from skilled care to custodial care, they nonetheless "relate to" a healthcare plan and involve "improper processing of a claim for benefits." Pilot Life, 481 U.S. at 47–48 (noting that the phrase "relate to" carries "its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan' ") (quoting Metro. Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) and Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98–97 (1983)); Bast, 150 F.3d at 1007 ("ERISA preempts state common law tort and contract causes of action asserting improper processing of a claim for benefits under an insured employee benefit plan."). To the extent Davidson's claims do not relate to the healthcare plan, he has not pled facts sufficient to state a plausible claim for relief.

The Court finds that Davidson's state-law claims in counts VI–X are preempted and must be dismissed.

**IV. CONCLUSION**

Defendants' motion to dismiss is GRANTED. Davidson may file a second amended complaint no later than sixty days following the date of this order. The second amended complaint may provide details about events underlying causes of action that are not preempted under ERISA, but it may not allege preempted causes of action involving his doctors' treatment decisions or Defendants' processing of his benefits claims.

**IT IS SO ORDERED.**

Dated: January 11, 2017



EDWARD J. DAVILA
United States District Judge

