United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN DAVIDSON,<br><br>    Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>    Defendants. | Case No. 5:16-cv-01928-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>Re: Dkt. Nos. 127, 128, 133 |
| CORINNA DAVIDSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE, et al.,<br><br>    Defendants. | Case No. 5:17-cv-00694-EJD<br><br>Re: Dkt. Nos. 46, 49 |

Pro se Plaintiffs Jonathan Davidson and Corina Davidson (collectively "Plaintiffs") bring claims arising from Defendants' decision to end his medical care at a rehabilitation center and transfer him to custodial care at home. Presently before the Court are (1) Defendants' motion to consolidate; (2) Plaintiffs' motions for leave to file amended complaints; and (3) Defendants' motions to dismiss Plaintiffs' operative complaints. For the reasons discussed below, the motion to consolidate is GRANTED, the motions for leave to file amended complaints are GRANTED, and the motions to dismiss are DENIED.

## I. BACKGROUND

Jonathan Davidson suffers from amyotrophic lateral sclerosis ("ALS"), or Lou Gehrig's disease. Jonathan Davidson Second Amended Complaint ("JD SAC"), Case No. 16-1928, Dkt. No. 82, at ¶ 1; Corinna Davidson First Amended Complaint ("CD FAC"), Case No. 17-694, Dkt. No. 14, at ¶ 1. He is physically disabled and requires continuous medical care, including feeding and breathing tubes. *Id*.

Mr. Davison was placed in a "skilled care" facility in 2014. JD SAC ¶ 54. In February 2015, one of Mr. Davidson's doctors decided that he no longer needed skilled care at the facility and should instead receive "custodial care" at home. *Id*. Mr. Davidson unsuccessfully challenged this decision in a series of administrative appeals. *Id*. However, UnitedHealthcare allowed Mr. Davidson to remain in skilled care on a "week-by-week" basis. *Id*. ¶ 86.

Since then, Plaintiffs allege that they have continued to struggle against attempts by UHC and other named Defendants to disrupt Mr. Davidson's care, including cessation of payment for medical supplies and services, *id*. ¶¶ 70-72, interfering with attempts to move Mr. Davidson to skilled care facilities that are capable of meeting his needs, *id*. ¶¶ 17-24, and improper billing practices, *id*. ¶¶ 16, 65-66. Plaintiffs also allege that Defendants have invaded their privacy, *id*. ¶¶ 87-88, and have engaged in conduct which they know will cause Plaintiffs emotional distress and other harm, *id*. ¶¶ 89-93.

## II. LEGAL STANDARDS

### A. Leave to Amend

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations and quotations omitted).

Case No.: 5:16-cv-01928-EJD, 5:17-cv-00694-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE

2

### B. Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Claims can be dismissed for either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Bell Atl. v. Twombly*, 550 U.S. 554, 570 (2007). Pro se pleadings should be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

## III. DISCUSSION

### C. Defendants' Motion to Consolidate

Plaintiffs move to consolidate their two cases, 5:16-cv-01928 and 5:17-cv-00694. Case No. 16-1928, Dkt. No. 128. Under Federal Rule of Civil Procedure 42 and Civil Local Rule 3-12, a court may consolidate actions if they "involve a common question of law or fact." Both are true here: both actions claim identical state law claims which arise from the same general set of operative facts. *Compare* JD SAC ¶¶ 127-65, *with* CD FAC ¶¶ 80-114. Accordingly, the Court will consolidate the two actions.

### D. Plaintiffs' Motions for Leave to File Amended Complaints

Plaintiffs move for leave to file amended complaints. Jonathan Davidson Motion for Leave ("JD MFL"), Case No. 16-1928, Dkt. No. 133; Corinna Davidson Motion for Leave ("CD MFL"), Case No. 17-694, Dkt. No. 49. In the proposed amended complaints, Plaintiffs have dropped their ERISA claims such that they now only seek to pursue the state law claims asserted in the operative complaints. *See* Case No. 16-1928, Dkt. No. 133-1; Case No. 17-694, Dkt. No. 49-1. Plaintiffs have also made small modifications to their factual allegations; however, the substance remains largely the same. *See id.*

Under Federal Rule of Civil Procedure 15(a)(1), a party "may amend its pleading once as a

Case No.: 5:16-cv-01928-EJD, 5:17-cv-00694-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE

3

matter of course" within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion under Rule 12. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiffs have already amended their complaints once as a matter of course under Rule 15(a)(1), *see* Case No. 16-1928, Dkt. No. 39; Case No. 17-694, Dkt. No. 14, they cannot file an additionally amended complaint without leave of this Court.

"Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). In *Foman v. Davis*, the Supreme Court enumerated several factors which district courts should consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 82 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Of these factors, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1051. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

Here, Plaintiffs argue that leave should be granted because new facts have come to light: Defendants have "admitted and confirmed . . . assurances" that Mr. Davidson will continue to receive skilled care. JD MFL 4, 6; CD MFL 4, 6. Although the exact circumstances of these admissions and assurances are not entirely clear, Plaintiffs seem to base this at least in part on Defendants' Motion to Dismiss briefing, which argues that Plaintiffs' ERISA claims are moot and not ripe because Mr. Davidson has not actually experienced a denial in benefits. Motion to

Dismiss ("MTD"), Case No. 16-1928, Dkt. No. 127, at 7-8.[1]

Defendants do not specifically respond to this, but nevertheless argue that amendment should not be granted for several reasons: One, Plaintiffs "unduly delayed" filing this request because the Court struck Plaintiffs' attempt to file amended complaints without leave and Plaintiffs waited seven weeks to file their motions for leave. Opposition to Motion to Amend Complaint ("Opp."), Case No. 16-1928, at 5.[2] Two, Plaintiffs brought this request in bad faith because they attempted to file amended complaints after their time for opposing Defendants' motions to dismiss had expired and did so with only three weeks before the scheduled hearing for Defendants' motions to dismiss. Opp. 6. Three, Defendants would be unduly prejudiced because they have already spent time and money in moving to dismiss Plaintiffs' operative complaints. Opp. 6-7. Four, amendment would be futile. Opp. 7-8.

Here, the Court finds that "justice so requires" granting leave. The parties appear to agree that Mr. Davidson is continuing to receive benefits; thus, permitting Plaintiffs to amend their pleadings to remove their ERISA claims seems to be in the interest of both parties. In addition, the prejudice to Defendants seems low, as the remaining claims are the same as before and the modifications to Plaintiffs' factual allegations seem small. Finally, as will be discussed below, amendment would not be futile, as none of the remaining claims can be dismissed on any of the grounds raised in Defendants' motions to dismiss. Accordingly, the Court will permit Plaintiffs to amend their pleadings.

### E. Defendants' Motions to Dismiss

Because the Court has granted Plaintiffs' motion for leave and Plaintiffs' newly amended complaints have dropped their ERISA claims, Defendants' motion is moot with respect to those claims.

Turning to the remaining state law claims, Defendants move to dismiss these claims on

---

[1] Defendants have filed an identical motion to dismiss in 5:17-cv-00694 at Dkt. No. 46.
[2] Defendants have filed an identical opposition brief in 5:17-cv-00694 at Dkt. No. 53.

Case No.: 5:16-cv-01928-EJD, 5:17-cv-00694-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE

5

several grounds: (1) they are preempted by ERISA; (2) Plaintiffs fails to plead sufficient facts to support their invasion of privacy claims; and (3) the individual defendants cannot be personally liable because they are not fiduciaries under ERISA. For the reasons discussed below, the Court cannot dismiss Plaintiffs' claims on any of these grounds.

### i. ERISA Preemption

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a); *Bui v. Am. Tel. & Tel. Co. Inc.*, 310 F.3d 1143, 1147 (9th Cir. 2002). The ERISA preemption clause covers state-law tort and contract claims for improper processing of a claim for benefits. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987); *see also Johnson v. Dist. 2 Marine Eng'rs Beneficial Ass'n—Associated Mar. Officers, Med. Plan*, 857 F.2d 514, 517 (9th Cir. 1988) ("Causes of action for fraud and emotional distress are clearly state common-law claims for enforcement of plan benefits, matters regulated by ERISA."); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that because ERISA contains its own enforcement mechanism, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

Plaintiffs' claims arise out of several distinct sets of facts: First, at least Plaintiffs' intentional infliction of emotional distress claim (Count I) and negligence claim (Count IV) arise out of Defendants' alleged threats to end his skilled care or provide for medical treatment. *See, e.g.*, Jonathan Davidson Third Amended Complaint ("TAC"), Dkt. No. 133-1, at ¶ 103 (alleging that "Defendants threatened to defy their promises, assurances, duties and obligations in regard to his care or if his medical treatment and skilled care were evaded or interrupted"). Second, at least Plaintiffs' fraud and misrepresentation claim (Count II) and negligence claim (Count IV) arise out of Defendants' alleged false statements that Mr. Davidson was not entitled to skilled care at a facility. *See, e.g.*, TAC ¶ 112 (referring to "statements and representations that Jonathan Davidson was not entitled to have skilled medical care and skilled care facilities"). Third, at least Plaintiffs'

Case No.: 5:16-cv-01928-EJD, 5:17-cv-00694-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE

6

privacy claim (Count III) and negligence claim (Count IV) arise out of Defendants' alleged improper access of Mr. Davidson's medical records and intrusion into Mr. Davidson's "computing and online devices." *See, e.g.*, TAC ¶ 120 (alleging that Defendants have "used the Davidsons' online communication and their use of the United HealthCare website and portal to intrude in the laptop, computing or communication devices of Jonathan and his family").

In its first motion to dismiss, the Court addressed the issue of preemption relating to claims that arose out of a roughly similar set of facts, finding:

> Davidson's claims arising from the second set of facts—manipulated invoices, misleading correspondence, privacy violations—are also preempted. Although these events are separate from the decision to move Davidson from skilled care to custodial care, they nonetheless "relate to" a healthcare plan and involve "improper processing of a claim for benefits." Pilot Life, 481 U.S. at 47–48 (noting that the phrase "relate to" carries "its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan'") (quoting *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985) and *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98–97 (1983)); *Bast*, 150 F.3d at 1007 ("ERISA preempts state common law tort and contract causes of action asserting improper processing of a claim for benefits under an insured employee benefit plan.").

*Davidson v. Hewlett-Packard Co.*, No. 5:16-CV-01928-EJD, 2017 WL 106398, at *4 (N.D. Cal. Jan. 11, 2017).

If it were the case that Plaintiffs only complain of conduct that Defendants undertook in their administration of the healthcare plan, this same logic would apply and Plaintiffs' claims would be preempted. However, because at the motion to dismiss stage the Court must take Plaintiffs' allegations as true and view them in the light most favorable to Plaintiffs and because the Court must liberally construe Plaintiffs' pro se filings, the Court cannot conclude that this is the case here. Instead, according to the allegations, HP made the promise in August 2015 that—separate and apart from the terms of the plan—Mr. Davidson would be taken care of. *See* TAC ¶¶ 62-64 ("Ms. Young said that HP was going to take care of Jonathan Davidson . . . 'an override has been placed in Mr. Davidson's account to allow coverage for an unlimited number of days.'").

Case No.: 5:16-cv-01928-EJD, 5:17-cv-00694-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE

7

Plaintiffs refer specifically to this August 2015 arrangement throughout their pleadings and couch their various state law claims as relating specifically to this agreement. *See, e.g.*, TAC ¶ 7 ("Mr. Davidson's skilled care in a skilled care facility has been promised and assured since at least August 2015 . . ."), ¶ 8 ("In spite of the assurances and promises of care that Jonathan Davidson has had from Defendants since at least August 2015. . ."), ¶ 74 ("rather than UHC paying them as promised and assured by HP and UHC from August 2015 onward"), ¶ 100 ("Plaintiffs state claims arising from and after August 2015 concern the infliction of emotional distress and harm and other state law causes of action based on occurrences after skilled care for him was promised and assured from August 15 on, separate and apart from any ERISA plan."). Taken as true and construed in the light most favorable to Plaintiffs, the August 2015 agreement constitutes a separate arrangement and, to the extent Plaintiffs' state law claims flow from this agreement, they do not "relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). As such, they are not preempted.

### ii. Sufficiency of Privacy Claim

Defendants also argue that Plaintiffs' privacy claim is insufficiently plead because it merely makes the conclusory allegation that Defendants accessed Plaintiffs' "health care information" and fails to identify what private facts were disclosed, to whom they were disclosed, and when and how this conduct occurred. MTD 17.

To state a claim for public disclosure of private facts, a plaintiff must allege: (1) public disclosure, (2) of private facts, and (3) that the matter made public is one which would be offensive and objectionable to a reasonable person of ordinary sensibilities. *Forsher v. Bugliosi*, 26 Cal. 3d 792, 809, 608 P.2d 716, 725 (1980).

Construed liberally and viewed in the light most favorable to Plaintiffs, these allegations plausibly state a claim for public disclosure of private facts. The TAC alleges that Defendants "communicated, disseminated and publicly distributed private information and records of Corinna and Jonathan Davidson" including "details of the physical, emotional and mental health and

Case No.: 5:16-cv-01928-EJD, 5:17-cv-00694-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
8

condition of Jonathan and Corinna Davidson." TAC ¶¶ 120, 122. The TAC also includes factual allegations about what Defendants did (i.e., "invaded and intruded," TAC ¶ 120; "surveilled and monitored . . . for purposes that include determining how long he will survive, what his care will cost and whether he can be forced out of skilled care facilities," *id*. ¶ 122), and how they did it (i.e., "used the Davidsons' online communication and their use of the United HealthCare website and portal," *id*. ¶ 120; "included the use of nurses, administrators and other personnel in Jonathan's care facilities to monitor and spy," *id*.). Taken as true, these allegations are sufficient to plausibly allege a claim for public disclosure of private facts. Plaintiffs' cause of action is adequately plead.

### iii. Claims Against Individual Defendants

Defendants argue that the claims against Drs. Green, Stangel, Greenberg, Standig, and Does 1-50 should be dismissed because ERISA authorizes actions against individuals only if they act as fiduciaries, and doctors providing treatment do not act as fiduciaries. MTD 18. However, because the TAC no longer includes ERISA claims and instead only alleges state law claims against these individuals, they cannot be dismissed on this basis.

## IV. ORDER

For the foregoing reasons, Plaintiffs' motion to consolidate is GRANTED. The later-filed action, 5:17-cv-00694, shall be consolidated with the earlier-filed case, 5:16-cv-01928. 5:17-cv-00694 shall be closed. All future documents shall be filed under the case number and caption of 5:16-cv-01928.

Plaintiffs' motions for leave to amend are GRANTED. Mr. Davidson's Third Amended Complaint (Case No. 16-1928, Dkt. No. 133-1) shall be the operative complaint for the consolidated action. Plaintiffs shall file this document as a separate docket entry in Case No. 16-1928.

Defendants' motions to dismiss are DENIED.

**IT IS SO ORDERED.**

Dated: August 2, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-01928-EJD, 5:17-cv-00694-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT; GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE

10