UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN DAVIDSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, et al., <br><br> Defendants. | Case No. 5:16-cv-01928-EJD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br> Re: Dkt. No. 155 |

Pro se Plaintiffs Jonathan Davidson and Corinna Davidson ("Plaintiffs") bring claims arising from Defendants' decision to end his medical care at a rehabilitation center and transfer him to custodial care at home. Presently before the Court is Defendants' motion to dismiss the Third Amended Complaint ("TAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7–1(b). For the reasons set forth below, Defendants' motion to dismiss is granted in part and denied in part.

I.  **BACKGROUND**[1]

Mr. Davidson suffers from amyotrophic lateral sclerosis ("ALS"), or Lou Gehrig's disease. TAC ¶ 6. He is unable to move major muscles in his body and is connected to feeding and breathing tubes to survive. *Id.* Mr. Davidson was diagnosed with ALS in 2009. In 2014, his

---

[1] The Background is a summary of the allegations in the TAC.
Case No.: 5:16-cv-01928-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1

condition required him to move into a "skilled care" facility at Reche Canyon Rehabilitation Center. *Id.* ¶ 55.

Pursuant to his wife's employment at Hewlett-Packard, Mr. Davidson received medical treatment as a covered dependent under the medical benefit program offered through the Hewlett-Packard Company Comprehensive Welfare Benefits Plan (the "Plan"). The Plan is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA").

In 2015, Hewlett Packard Enterprise Co. ("HPE") agreed to provide skilled care coverage for an unlimited number of days. An employee from HPE, Robyn Young, called Plaintiffs and stated that HPE was going to take care of Mr. Davidson, that he could move into the skilled facility Plaintiffs had found, and that there would no longer be a 120-day review that could end his care. *Id.* ¶ 62. In a follow-up call, Ms. Young stated that they would have healthcare insurance for the remainder of Mr. Davidson's life. *Id.* Ms. Young also sent an email with additional contact information and explained that an "override has been placed in Mr. Davidson's account to allow for coverage for an unlimited number of days. As such, there will be no 120-day limit on this benefit and he will not be required to move to a different facility." *Id.* ¶ 64. Plaintiffs understood this to be a promise that HPE would provide skilled care that is separate from the Plan. Pls.' Opp. 6 (Dkt. No. 156).[2] At present, Mr. Davidson is receiving custodial nursing care.

Plaintiffs initially filed their complaint in April 2016 asserting claims under state law and ERISA. Plaintiffs made amendments over the years in response to two previous motions to dismiss. See Dkt. Nos. 1, 39, 82. In 2017, Defendants moved to dismiss the Second Amended Complaint on multiple grounds. Among other things, Defendants asserted that the ERISA claim was moot because Mr. Davidson had not experienced a denial of benefits. Defendants also asserted that to the extent the Second Amended Complaint sought clarification as to Mr. Davidson's future rights under the ERISA plan, the claim was not ripe. Defendants also argued

---

[2] Defendants represent that HPE formalized this agreement to provide health and welfare benefits to Mr. Davidson in a Supplemental Program. Defs.' Mot. to Dismiss Third Am. Compl. 3. Plaintiffs disagree. Pls.' Opp. 7.

Case No.: 5:16-cv-01928-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

2

that ERISA preempted Plaintiffs' state law claims, that the privacy claim was insufficiently pled, and that the claims against the individual defendants should be dismissed because they are not fiduciaries under ERISA.

While the motion to dismiss was pending, Plaintiffs sought leave to file the TAC to remove the ERISA claim "[w]ithout prejudice to raising ERISA issues in the future" if Defendants violate their obligations under ERISA. Pls.' Motion to Amend Complaint 4. The court granted Plaintiffs' motion and denied Defendants' motion to dismiss. *See* Order Denying Defendants' Motion to Dismiss; Granting Plaintiffs' Motions For Leave To File Amended Complaint; Granting Plaintiffs' Motion To Consolidate ("Order"). Dkt. No. 143. The court held that Plaintiffs' proposed amendments were not futile because none of the claims were subject to dismissal on any of the grounds raised in Defendants' motions to dismiss. The court directed Plaintiffs to file the TAC as a separate docket entry. Plaintiffs' TAC alleges the following state law claims: intentional infliction of emotional distress (count 1), fraud and misrepresentation (count 2), invasion of privacy (count 3), negligence (count 4), bad faith (count 5), and unfair competition (count 6). Plaintiffs allege that they have continued to struggle against attempts by Defendants to disrupt Mr. Davidson's care. Defendants allegedly threatened to transfer Ms. Davidson to another company and to end her health care plan (¶¶ 8-9); surveilled and monitored Plaintiffs' activities (¶ 28); improperly accessed and disseminated Plaintiffs' private health care information (*id*.); avoided payments by switching Plaintiffs' primary care to Medicare without any request or notice (¶ 71); failed to pay for proper food and equipment (¶ 72, 73); and repeatedly called the Elite Health Providers facility in an attempt to have Mr. Davidson ejected (¶ 88).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

Case No.: 5:16-cv-01928-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

3

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that a claim "is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1998). "[M]aterial which is properly submitted as part of the complaint may be considered." *Hal Roach Studios*, 896 F.2d at 1555 n.19. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Pro se pleadings, as is the case here, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**III. DISCUSSION**

    **A. Whether the 2015 Agreement is an ERISA Plan**

Defendants' motion to dismiss the TAC is largely duplicative of their motion to dismiss the Second Amended Complaint. However, Defendants present one central issue that was not squarely before the court previously: whether Ms. Young's 2015 agreement to provide skilled care is an ERISA plan.[3] With the benefit of full briefing, the court finds that the 2015 agreement is an ERISA plan.

ERISA's coverage extends to "any plan, fund, or program" established or maintained by an employer for the purpose of providing employee welfare benefits to its employees and their

---

[3] Contrary to Plaintiffs' assertion, the law of the case does not prevent the court from considering the issues raised in Defendants' motion to dismiss the TAC.

Case No.: 5:16-cv-01928-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

4

beneficiaries. 29 U.S.C. § 1002(1). ERISA coverage extends to an arrangement sufficiently specific to "enable a reasonable person to 'ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.'" *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1504 (9th Cir. 1985) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc)). ERISA does not require a formal, written plan. *Donovan*, 688 F.2d at 1372. Once it is determined that ERISA covers a plan, however, ERISA's fiduciary and reporting provisions require the plan to be established pursuant to a written instrument. *Id*.

In *Scott*, the plaintiffs alleged that defendant Gulf Oil Corporation "expressly and impliedly promised . . . to pay and has paid severance pay benefits to those employees whose employment was terminated involuntarily for reasons other than cause." *Scott*, 688 F. 2d 1373, 1504 n. 2. The benefit was "generally a sum equal to two weeks of salary for each year of employment with defendant." *Id.* at 1505. The Ninth Circuit determined that these allegations, if true, would enable a reasonable person to "ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Id.* at 1504 (citing *Donovan*, 688 F.2d at 1373). The Ninth Circuit stated, "[t]hat is clearly a sufficient allegation of the establishment of an ERISA plan. *Id.*[4]

Like *Scott*, the TAC includes a sufficient allegation of the establishment of an ERISA plan. HPE promised to take care of Mr. Davidson. TAC ¶ 62. Ms. Young stated that Mr. Davidson

---

[4] As Defendants point out, *Scott* is not an outlier. In *Deibler v. United Food and Commercial Workers' Local Union 23*, 973 F.2d 206, 210 (3rd Cir. 1992), the Third Circuit held that minutes of a board meeting in which a union adopted a severance policy created an ERISA plan. In *Williams v. Wright*, 927 F.2d 1540, 1543 (11th Cir. 1991), the company president set a letter to a retiring employee in which he agreed the company would pay the employee $500 every month and provide other benefits. The Eleventh Circuit held that the letter created an ERISA plan. In *Monk v. Performance Contrs., Inc.*, Civ. A. No. 10-1137, 2010 U.S. Dist. LEXIS 128467 (W.D. La. Dec. 6, 2010), the plaintiff was rear-ended on his way home from work. Plaintiff alleged that while he was being treated in the hospital emergency room, two employees agreed on behalf of the defendant that defendant would pay all of plaintiff's medical bills that he incurred as a result of the accident. *Id*. at *2. Plaintiffs sued for breach of contract when defendant refused to pay. The *Monk* court held that the promise created an ERISA plan. In *Parnello v. Time Ins. Co.,* Civ. A. No. 91-20160, 1992 U.S. Dist. LEXIS 11422 (N.D. Ill. Mar. 9, 1992), the defendant orally promised plaintiff that the company would provide health insurance as part of her employment agreement. The *Parnello* court held that the oral agreement created an ERISA plan.

Case No.: 5:16-cv-01928-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

5

could move into the skilled care facility that Plaintiffs had found, and that there would no longer be a 120-day review that could end in termination of his care. *Id*. In a follow-up call, Ms. Young stated that they would have healthcare insurance for the remainder of Mr. Davidson's life. Thus, the intended benefits, beneficiaries, and source of financing are readily identified in the TAC. The procedures for receiving benefits are not explicit. However, explicit procedures are not required to create an ERISA plan so long as a reasonable person could ascertain the procedure for obtaining benefits. *See e.g. Deibler v. United Food & Comm'l Workers' Local Union 23*, 973 F.2d 206, 210 (3rd Cir. 1992) (citing *Donovan*, 688 F.2d at 1373) ("It is true that . . . the procedure for receiving benefits were never made explicit, but it is enough if these can be ascertained from the 'surrounding circumstances.'"); *Petersen v. E.F. Johnson Co.*, No. 02-333, 2002 U.S. Dist. LEXIS 16052, 2002 WL 1975907, at *2 (D. Minn. Aug. 23, 2002) ("[W]hile the Program does not explicitly contain procedures for receiving benefits, a reasonable person could ascertain the informal procedures to follow."). Here, a reasonable person could conclude that Plaintiffs' medical benefits claims were to be submitted to HPE. In sum, the 2015 arrangement to provide benefits created an ERISA plan.

Plaintiffs' reliance on *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023 (9th Cir. 1995) is misplaced. In *Curtis*, the plaintiff was promised his health and life benefits would take effect on the first day of his employment. The parties agreed that the employer had a group insurance policy that was governed by ERISA. Under the terms of that policy, however, a new employee was not eligible for benefits during the first ninety days of employment. When plaintiff and his family incurred some minor medical expenses, the defendants reimbursed plaintiff for the medical expenses. When plaintiff later notified the defendants that he would be incurring significant medical expenses to treat a malignant tumor, the defendants ceased reimbursing plaintiff. The Ninth Circuit held that the oral promise and the parties' "ad hoc arrangement" for medical expense reimbursements were not sufficiently specific to "ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits" to create an ERISA plan. The present

Case No.: 5:16-cv-01928-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

6

case is distinguishable from *Curtis* because Ms. Young communicated specifics about the benefits Plaintiffs would receive.

**B.     Preemption**

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a); *Bui v. Am. Tel. & Tel. Co. Inc.*, 310 F.3d 1143, 1147 (9th Cir. 2002). The ERISA preemption clause covers state-law tort and contract claims for improper processing of a claim for benefits. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987); *see also Johnson v. Dist. 2 Marine Eng'rs Beneficial Ass'n—Associated Mar. Officers, Med. Plan*, 857 F.2d 514, 517 (9th Cir. 1988) ("Causes of action for fraud and emotional distress are clearly state common-law claims for enforcement of plan benefits, matters regulated by ERISA."); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that because ERISA contains its own enforcement mechanism, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

Plaintiffs' claims arise out of several distinct sets of facts. First, at least Plaintiffs' intentional infliction of emotional distress claim (Count I) and negligence claim (Count IV) arise out of Defendants' alleged threats to end his skilled care or provide for medical treatment. *See*, *e.g.*, TAC ¶ 103 (alleging that "Defendants threatened to defy their promises, assurances, duties and obligations in regard to his care or if his medical treatment and skilled care were evaded or interrupted"). Second, at least Plaintiffs' fraud and misrepresentation claim (Count II) and negligence claim (Count IV) arise out of Defendants' alleged false statements that Mr. Davidson was not entitled to skilled care at a facility. *See*, *e.g.*, TAC ¶ 112 (referring to "statements and representations that Jonathan Davidson was not entitled to have skilled medical care and skilled care facilities"). These claims are preempted because they relate to the ERISA plan created in 2015. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987) (holding that state-law claims are preempted if they "relate to" improper processing of a claim for benefits*); Spain v.*

*Aetna Life Ins. Co.*, 11 F.3d 129, 131–32 (9th Cir. 1993) (holding that ERISA preempted a wrongful death claim based on a health plan administrator's allegedly negligent decision to deny eligibility for a bone marrow transplant); *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007–08 (9th Cir. 1998) (also holding that ERISA preempted state-law claims related to denial of a bone marrow transplant); *Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489 (9th Cir. 1988) (holding that state-law claims arising from delayed insurance payments "are claims for improper processing and therefore are preempted"). "Claimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 983 (9th Cir. 2001).

Third, Plaintiffs' privacy claim (Count III) arises out of Defendants' alleged improper access of Mr. Davidson's medical records and intrusion into Mr. Davidson's computing and online devices. *See*, *e.g.*, TAC ¶ 120 (alleging that Defendants have "used the Davidsons' online communication and their use of the United HealthCare website and portal to intrude in the laptop, computing or communication devices of Jonathan and his family"). Defendants also allegedly surveilled and monitored Plaintiffs to determine how long Mr. Davidson will survive. *Id*. "This surveillance of the Davidsons has included the use of nurses, administrators, and other personnel in [Mr. Davidson's] care facilities to monitor and spy on the Davidsons and to report information to United HealthCare and other Defendants, at times on a daily basis." *Id*. Plaintiffs also allege that Defendants have communicated, disseminated and publicly distributed Plaintiffs' private information and records to others that are not entitled or permitted to receive such information and records. *Id*. This claim is not preempted. *Dishman*, 269 F.3d at 849 (holding that ERISA did not preempt claim for invasion of privacy). Further, the court previously found that Plaintiffs' allegations were sufficient to plausibly allege a claim for invasion of privacy. Defendants have not presented any persuasive reason to reconsider the court's ruling. Defendants' motion to dismiss the invasion of privacy claim is denied.

### C. Individual Defendants

Defendants renew their argument that the claims against Drs. Green, Stangel, Greenberg, Standig, and Does 1-50 should be dismissed because ERISA authorizes actions against individuals only if they act as fiduciaries, and doctors providing treatment do not act as fiduciaries. With the exception of the invasion of privacy claim, all claims asserted against these doctors and Does 1-50 are dismissed for the reasons set forth in the court's previous Order Granting Defendants' Motion To Dismiss Counts VI, VII, VIII, IX, and X of Plaintiff's Amended Complaint (Dkt. No. 42).

## IV. CONCLUSION AND ORDER

Defendants' motion to dismiss is GRANTED as to all claims except Plaintiffs' invasion of privacy claim. All claims against the individual defendants are DISMISSED except for Plaintiffs' invasion of privacy claim. The dismissal is without leave to amend because Plaintiffs have now had several opportunities to amend their complaint and any further amendments are likely to be futile.

**IT IS SO ORDERED.**

Dated: August 15, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-01928-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

9